Jesus Angel CHACON–CAMPUSANO, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 75–3568.

United States Court of Appeals, Ninth Circuit.

March 8, 1977.

Gary Silbiger, Los Angeles, Cal., submitted brief for petitioner.

William D. Keller, U.S. Atty., Los Angeles, Cal., Henry E. Petersen, Asst. Atty. Gen., Crim. Div., Dept. of Justice, Washington, D.C., Brian H. Simpson, I&NS, San Francisco, Cal., Bernard S. Karmiol, Regional Counsel, I&NS, San Pedro, Cal., Joseph Sureck, Dist. Director, I&NS, Los Angeles, Cal., submitted brief for respondent.

Before BROWNING, BARNES and TRASK, Circuit Judges.

OPINION.

PER CURIAM:

The Immigration Judge and the Board of Immigration Appeals found that Petitioner is a deportable alien who has overstayed his visitor's visa. 8 U.S.C. § 1251(a)(2). Petitioner contends that the Immigration and Naturalization Service failed to prove his alienage by the "clear, unequivocal, and convincing evidence" required by *Woodby v. Immigration and Naturalization Service,* 385 U.S. 276, 286, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966), and 8 C.F.R. § 242.14(a).

At his deportation hearing, the Immigration and Naturalization Service introduced,

over objection, a Form 1–213, "Record of Deportable Alien," which indicated that Petitioner is a native and citizen of Argentina who makes no claim to United States citizenship or to resident alien status. Although Petitioner did not sign the form, a government investigator who interviewed him testified that he voluntarily gave the information at an interview conducted approximately one month before the hearing. That testimony was unrebutted. Indeed, Petitioner admitted at the hearing to entry as a visitor, and failed to meet the burden of proof resting on him to show the time, manner, and place of his entry into the United States. 8 U.S.C. § 1361.

Our standard of review is whether the determination of alienage was supported by "reasonable, substantial, and probative evidence." 8 U.S.C. § 1105a(a)(4). We find that this standard was met.[1]

Judgment Affirmed.

---

1. We note that the "Petition for Review of Deportation Order" originally filed by Petitioner's counsel in this case (and sworn to by said counsel on behalf of his client "that the facts alleged are true of his own knowledge") contains the following: "Petitioner is a native and citizen of Argentina who entered the United States in 1970 as a non-immigrant visitor."